UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS MANUEL DORADO,

      Plaintiff,

v.

TODD BLANCHE, IN HIS
OFFICIAL CAPACITY AS ACTING
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

      Defendants.

Case No. 2:26-cv-1288-KCD-NPM

## **ORDER**

Petitioner Jesus Manual Dorado is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an emergency motion for temporary restraining order (Doc. 10). He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from the United States while his habeas petition is pending. (*Id.* at 2.) According to Dorado, without this pause button, the Government will whisk him away and deprive him of a chance to litigate his case. (*Id.*)[1]

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Dorado's underlying habeas petition raises several substantive claims. But having a meritorious claim is not alone enough for a TRO—you must also seek a remedy that the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Dorado now requests.

Dorado asks the Court to intervene and stay his removal from the United States. (Doc. 10 at 2.) But the Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney

General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Dorado—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't,* 988 F.3d 1268, 1271 (11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Because § 1252(g) removes this Court's power to act, Dorado's request to enjoin removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a

decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

While the Court takes Dorado's underlying liberty claims seriously, the specific stopgap measure he requests here is beyond our reach. Accordingly, his Emergency Motion for Stay and for Temporary Restraining Order (Doc. 10) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on April 23, 2026.

Kyle C. Dudek
United States District Judge

4